## BURNAP v. BURNAP.

Court of Appeals of District of Columbia.
Submitted February 5, 1929. Decided
May 6, 1929.

Motion for Modification of Opinion Denied
June 1, 1929.

No. 4706.

John Wattawa, of Washington, D. C., for appellant.

T. M. Wampler and R. E. Lynch, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. This suit was begun by Jeanette Gallinger Burnap, as plaintiff, against her husband, George Burnap, alleging desertion and abandonment by her husband, and praying for alimony and maintenance for her support. The lower court granted such a decree, fixing the allowance at $100 per month, whereupon this appeal was taken by the husband.

The parties were married on December 5, 1924, in Paris, France. They lived together not quite four months, spending part of the time in Paris and part in the United States. On or about March 30, 1925, while they were living in Paris, the husband returned alone to the United States, and several months later the wife also returned, but they have lived apart ever since. There is no issue of the marriage.

It is alleged by the wife that during their married life her husband practiced a course of cruelty toward her by verbally abusing and humiliating her, by addressing curt, sharp and insulting remarks to her at times in the presence of other persons. She states that her husband, when he returned alone to this country, left her at a hotel in Paris where they had been living, without making any arrangements whatsoever for her adequate or proper support; and that since May 30, 1925, he has not contributed anything to her maintenance. The allegations charging cruelty and failure to provide are denied by the husband, who claims also that his wife left him without cause, and kept her whereabouts concealed from him until the bringing of this suit.

A question was raised by the defendant below relative to the jurisdiction of the lower court over his person in this case. We shall not dwell upon this, for in our opinion the jurisdiction of the court was complete.

The record contains the evidence introduced by the respective parties, but we shall not discuss it in detail. In our opinion it fails to sustain the charge of cruelty brought by plaintiff against her husband. The plaintiff's testimony upon this subject stands alone, without any corroboration, and it is denied by her husband. Moreover, the incidents narrated by the plaintiff in support of the charge seem for the most part trivial.

The plaintiff's charge that her husband, when he returned to this country, left her without making any arrangements whatever for her living expenses while she remained in Paris, is clearly disproved by the evidence. It appears in fact that the defendant made careful and adequate arrangements for such expenses as might accrue during his absence from Paris, which was expected to last for several months only.

It appears that on the day before their marriage the parties entered into an antenuptial contract in anticipation thereof. This contract provided in general for the separate ownership and control by each spouse of his own property and income, without liability for the debts of the other whether created before or during the marriage relationship; and particularly stipulated that "the future spouses will contribute to the household expenses in the proportions of the respective income without being subjected to any account between them or to obtaining a receipt from either."

The record discloses that the plaintiff enjoys a net income of about $3,700 per annum, derived from property theretofore placed in trust for her benefit by a relative; and that the defendant is in receipt of about $6,000

per annum net derived from the pursuit of his profession as a "city planner." It does not appear that plaintiff during the marriage relationship contributed from her separate means to the common living expenses of the parties. Her present claims, moreover, ignore this consideration.

Upon a review of the record we are convinced that the decree entered below awarding maintenance to the plaintiff cannot be sustained. It is therefore reversed, with costs, and the cause is remanded for further proceedings not inconsistent herewith.